COLLINS, ADM'R, ET AL. v. COLLINS.

*Appeal from Shelby Circuit Court.*

COLLINS v. COLLINS, ADM'R, ET AL.

*Appeal from Shelby District Court.*

1. **Husband and Wife:** ANTENUPTIAL CONTRACT: ENFORCEMENT AGAINST HUSBAND'S ADMINISTRATOR. The antenuptial contract in question provided that the husband should settle upon the wife a suffi-, cient amount, out of his estate, to keep her during her life, or as long as she should remain his widow, in such circumstances as his estate would reasonably justify. After the marriage he was to procure a good comfortable homestead, to be comfortably furnished; said house, including the furniture, to be conveyed to her, and to be hers in her own right. At his death there was also to be paid to her out of his estate $1,000, payable at date of death. In consideration of the above she relinquished all other claim to his estate. He resided, after marriage, until his death, on a valuable farm previously owned and operated by him, but he failed to provide the homestead contemplated in the contract. In determining her rights as against the administrator, the estate being found to be worth about $45,000, *held*—

    (1) That the contract contemplated a homestead in the vicinity of the farm where the parties actually resided, and that, considering the value of the estate, $3,000 was a reasonable allowance to be made to her in lieu of the homestead, and $500 per year a reasonable allowance for her maintenance.

    (2) That she was entitled to receive the $1,000, with interest from the date of his death, without deduction of the amount allowed by the court for her maintenance for a year after his death.

    (3) That she was entitled to occupy as a homestead the premises occupied by them at the time of his death until the homestead to which she was entitled under the contract, or its equivalent, was furnished her.

2. **Jurisdiction:** PENDENCY OF OTHER ACTION. The district court was not deprived of jurisdiction to enjoin the removal of a widow from the homestead of her late husband, by the pending in the circuit court of an action by the administrator and heirs of the husband against her, to enforce an antenuptial contract, in which another and different homestead was to be provided for her; and the fact that the widow asked for relief that she was not entitled to did not hinder the court from granting the injunction.

THE facts are stated in the opinion.

*Ellis & McCoy* and *Thurston & Hall*, for appellants.

*Sapp & Pusey*, for appellee.

SEEVERS, J.—On the 15th day of July, 1880, the defendant in the first, and the plaintiff in the last, named action, and E. A. Collins, Sr., were married, and lived together as husband and wife until the 28th day of April, 1883, when the former died. Prior to such marriage, and in June, 1880, the said parties entered into an antenuptial contract, which provides—*First*, that said E. A. Collins " does, by these presents, agree to and does hereby settle upon said Maria, out of his estate, a sufficient amount to keep and maintain her during her life, or as long as she remains his widow. The said amount so to be furnished shall be sufficient to maintain said Maria in such circumstances and in such manner as the estate of said Collins, Sr., will justify, and as would be reasonable to be furnished by a party or an estate in like financial circumstances." After the said marriage, the said E. A. Collins is also " to procure a good, comfortable homestead, to include a reasonable amount of ground, with a good, comfortable and convenient dwelling-house, and to be comfortably furnished, and to procure all necessary buildings and improvements to be made thereon to make it a home in the true sense of the word; and said house, including the furniture, is to be conveyed by fee-simple title to said Maria, and to be hers in her own right; and the expense of keeping up said home to be paid by said E. A. Collins, Sr." *Third.* " In addition to the amounts above mentioned, there is, at the death of said E. A. Collins, Sr., to be paid out of his estate to said Maria $1,000, the same to become due and payable at the death of E. A. Collins, Sr."

The said Maria, in consideration of the foregoing and said marriage, agreed in said antenuptial contract, " for herself and present heirs and assigns, to convey and disclaim all right, title or claim to the personal or real estate, or to the estate or property, of said E. A. Collins, Sr., either in law or equity; and this instrument is intended to release all dower or right of inheritance from said E. A. Collins, or his estate,

*1. HUSBAND and wife: antenuptial contract: enforcement against husband's administrator.*

by means of said Maria being the wife of said E. A. Collins, Sr., saving and reserving the right of maintenance, homestead, and $1,000, as hereinbefore agreed to be paid to her."

At the time of the marriage, the said Collins owned and resided upon a valuable tract of land known as the "Deer Ridge" farm, in Shelby county, Iowa, and after the marriage he and his wife resided upon said farm, and the same constituted their homestead during the life-time of said Collins, and, as we understand, Mrs. Collins continued to occupy such homestead after the death of her husband, who, during his life-time, failed to procure the homestead provided for in the antenuptial contract.

The first action was commenced in October, 1883, by the administrator of E. A. Collins, Sr., and the heirs at law, asking that the court declare such contract valid, and authorize the administrator to pay Mrs. Collins the $1,000, and to procure a homestead, and direct him to pay Mrs. Collins such sum of money for her support as the court deemed reasonable, as provided in said contract. This relief was asked on the theory that the administrator had offered to comply with and perform the contract, and Mrs. Collins had refused such offer, and was seeking to nullify the contract, and to attain other relief than provided therein. Mrs. Collins, in a pleading filed by her, insisted upon the provisions of the contract, which she claimed had not been complied with. Said cause was referred to a referee, who made a finding of facts and conclusions of law, which were confirmed by the court, and a judgment in accordance therewith rendered; and the plaintiffs in such action appeal.

The second action was commenced by Mrs. Collins in April, 1884, upon the theory that, as no homestead had been procured for her as provided in the contract, she had a right to occupy the homestead on the Deer Ridge farm until that was done. She alleged that the defendants in that action had interfered with her right to occupy said premises as her homestead, and therefore she asked and obtained an injunc-

tion to prevent them from so doing; and she also asked that the court decree that she had the right to occupy such homestead during her life-time. Issue was joined in said action, and the court, in substance, decreed that Mrs. Collins had the right to occupy the homestead on the Deer Ridge farm until another had been procured, as provided in the contract. From such decree the defendants in said action appeal.

I. The questions in the first-named action will be first considered. It is proper to remark that it does not appear that the estate is indebted to any considerable extent, and therefore it is not claimed that the rights of creditors, or any other persons other than the parties in said action, are in any respect involved; nor is there any serious controversy as to the construction of the antenuptial contract. The contention of the parties is as to the extent of the relief Mrs. Collins is entitled to thereunder. This, it is conceded, depends upon the value of the estate, except as to the $1,000 which it is conceded the contract provides shall be paid to Mrs. Collins upon the death of her husband. The court held that she was entitled to interest thereon from the time of the death of Mr. Collins until the same was paid to her. This is said to be erroneous, because Mrs. Collins applied for and obtained from the court of probate an allowance for one year, and it is contended and claimed that the amount so allowed should be regarded as in part payment of the $1,000; but the court thought, inasmuch as the contract provides for her maintenance, that the amount allowed by the probate court should be regarded as having been paid for that purpose, and we think this, under the circumstances, is just and equitable. The $1,000, under the contract, was to be paid upon the death of Mr. Collins. It became and was a debt and charge against the estate, and we see no reason why the administrator should ask any directions of a court of equity in relation thereto. As such a debt was payable at a future day which was certain to occur, we are of the opinion that

Mrs. Collins is entitled to interest thereon from such time until the same is paid.

II. The referee and court found that the value of the estate was $60,000, and that Mrs. Collins was entitled to $4,000 with which to purchase a homestead, and an allowance of $660 annually for her support during her life-time, provided she remained a widow during such period. It is contended by counsel for the appellants that the value of the estate as thus fixed is not in accordance with the evidence, and that the allowance made for the homestead, and annuity for maintenance, is excessive. We have read the evidence with great interest and care, and we feel constrained to say that we are unable to concur with the referee and court as to the value of the estate at the time Mr. Collins died, which we think is the proper period at which such value should be ascertained. We reach the conclusion that such value did not exceed $45,000. Indeed, we think this is a liberal estimate. The referee found the value of Deer Ridge farm to be $28,000. We are unable to reach the conclusion that it was worth more than $23,000. The value of the Texas land was fixed at $8,120. The title to his land, or some of it, is doubtful, and it will require time and money, we think, to perfect the title. We have some doubts if the estate realizes anything near what the referee estimated it to be worth, and we think the value of the residue of the estate was fixed at more than its fair value. Then we think that from such value should be deducted taxes and charges which affected the value of the estate. Our conclusion is that the value of the estate at the time Mr. Collins died did not exceed $45,000.

Now, the contract provides, in substance, that Mr. Collins should procure a good, comfortable homestead, and furnish the same. This he failed to do, and the question now is, what sum of money should be appropriated for that purpose? This will depend upon where it was contemplated the homestead should be. When it was to be procured, the contract does

not in terms provide, nor does it provide where it should be situated; but we think it must have been contemplated that such homestead should be convenient to the Deer Ridge farm, for the reason that upon the proper management of such farm, and the income derived therefrom, the parties to the contract must have largely depended for their support. There were but two of them, and both were somewhat advanced in life, and we do not think it was regarded as probable that they would have any children. Upon a full consideration of this question, we think that $3,000 is sufficient to procure a suitable homestead in the neighborhood of said farm, and furnish the same; and we think $500 annuity is sufficient for the maintenance of Mrs. Collins. It seems to us certain that the antenuptial contract was made for the benefit of Mrs. Collins' children, and for the purpose of limiting what Mrs. Collins would be entitled to if no such contract had been made. Regarding the estate as worth $45,000, Mrs. Collins, if there had been no such contract, would have had $15,000. Now, she obtains in cash $1,000, in lieu of a homestead $3,000, and $500 annually. To produce the latter sum about $6,000 must be invested at eight per cent interest, or $8,000 at six per cent interest. We therefore think the decree in the first case must be modified in accordance with the views herein expressed.

Counsel for the appellants contend that the appellee should pay the costs at least of this litigation, for the reason that she in various ways ignored the contract, made demands in hostility thereto, and refused to comply therewith. We are unable to conclude that the appellee is wholly to blame; on the contrary, we find the appellants first asked a court of equity to construe and enforce the contract, when, at least as to one of the provisions, such course was entirely unnecessary; and our further conclusion is that the appellants did not make any proper effort to adjust the questions before commencing such action.

III. As to the second action, we simply desire to say that

it is undoubtedly true that Mrs. Collins was not entitled to two homesteads. She was only entitled to the one provided in the antenuptial contract. But, as her husband failed to provide such a homestead as he bound himself to do, we think she was entitled to the homestead on the Deer Ridge farm, at least during this litigation, and until the homestead she was entitled to under the contract, or its equivalent, was furnished. This is all, as we understand, the decree in the second action gives her. Such action was brought in the district court, and, as we understand, counsel for the appellants contend that such court has no jurisdiction because of the pendency of the first action in the circuit court; but in this proposition we do not concur. Mrs. Collins could well, we think, apply to the district court for an injunction restraining the appellants from interfering with her right of temporary homestead on the Deer Ridge farm, and the fact that she asked relief she was not entitled to did not deprive the court of jurisdiction to determine a matter properly before it. The result is that the decree in the last action above named must be affirmed, and that the decree in the first action must be modified and affirmed, and the appellee must pay the costs in this court therein; but she can have a decree here if she so elects.

2. JURISDIC-TION: pendency of other action.

MODIFIED AND AFFIRMED.

ADAMS, CH., J., *dissenting*, thinks that the annual allowance should not be reduced.